UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

**John Wesley Buchanan,**  Civil No. 06-4806 (JRT/SRN)

      **Petitioner,**

v.  **REPORT AND RECOMMENDATION**

**Robert Feneis,**

      **Respondent.**

---

    John Wesley Buchanan, pro se, Minnesota Correctional Facility, 7600 515th Street, Rush City, Minnesota, 55069

    Jean E. Burdorf, Esq., Hennepin County Attorney's Office, 300 South Sixth Street, Suite C-2000, Minneapolis, Minnesota, 55487, for Respondent Robert Feneis

---

SUSAN RICHARD NELSON, United States Magistrate Judge

    The above-entitled matter comes before the undersigned United States Magistrate Judge on Petitioner John Wesley Buchanan's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1). This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. For the reasons set forth below, the Court recommends that the petition be denied.

**I.    BACKGROUND**

    Petitioner John Wesley Buchanan is presently incarcerated at the Minnesota Correctional Facility in Rush City, Minnesota. On March 30, 2004, Petitioner was convicted by a jury in Hennepin County District Court of three counts of possession with intent to sell cocaine, in violation of Minn. Stat. §§ 152.021, subd. 1(1); 152.021, subd. 2(1); and 152.025, subd. 2(1). He was sentenced to ninety-one months imprisonment. The Minnesota Court of Appeals affirmed

the conviction, and the Minnesota Supreme Court denied review.

Petitioner's conviction was based in part on evidence seized from his apartment on January 28, 2004, during the execution of a search warrant. Minneapolis police officer Blayne Lehner submitted the affidavit supporting the search warrant. In his affidavit, Officer Lehner stated that a confidential reliable informant (CRI) had provided him with information that the occupant of 2525 Harriet Avenue South, Apartment 310, in Minneapolis, Minnesota ("Apartment 310"), was dealing large amounts of crack cocaine and possessed a handgun. Officer Lehner identified the occupant as J. Buchanan by looking at the buzzer call list inside the apartment building's front door. While inside the apartment building, Officer Lehner also saw several people enter and exit Apartment 310 with a frequency indicative of narcotics trafficking. Officer Lehner arranged for the CRI to purchase crack cocaine from the occupant of Apartment 310. The CRI was searched beforehand and given prerecorded buy money. Officer Lehner watched the CRI enter and exit Apartment 310, and the CRI then produced an amount of suspected crack cocaine to Officer Lehner. Following the successful controlled buy, Officer Lehner continued his investigation of Petitioner's identity and criminal history and corroborated other information provided by the CRI.

Based on the CRI's information, the controlled buy, and Officer Lehner's investigation, Officer Lehner applied for and obtained a search warrant for Apartment 310. During the execution of the warrant, officers found 409.2 grams of cocaine in a safe inside Petitioner's apartment and a gun. Petitioner arrived at the apartment complex while the search was underway, and he was arrested and searched incident to arrest. Police officers found 3.6 grams of cocaine on his person. Based on the evidence seized pursuant to the warrant, Petitioner was

charged with three counts of possessing cocaine with the intent to sell it.

Petitioner moved to compel the disclosure of the CRI's identity and for a hearing pursuant to Franks v. Delaware, 438 U.S. 154 (1978), in a pretrial motion. As grounds for the motion, Petitioner argued that the CRI could not have been buzzed into the apartment because the buzzer system did not work, and also that the CRI was a known drug user and therefore lacked credibility. The trial court denied the motion, reasoning that the CRI was a mere tipster and not a material witness to the crimes charged. The court also held that the functioning of the buzzer and the CRI's alleged drug use were immaterial and did not affect the probable cause for the search warrant.

Petitioner filed his § 2254 petition on December 7, 2006, asserting that the trial court erred in refusing to order the disclosure of the CRI's identity. He argues that the CRI was essential to his defense, and thus, a material witness. He further contends that the CRI is a drug addict, which was not divulged to the judge who signed the warrant, and which could have been used to impeach the CRI at trial.

**II. DISCUSSION**

Habeas relief is available to a state prisoner if "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Anti-Terrorism and Effective Death Penalty Act (AEDPA) limits habeas review to adjudications that:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Id. § 2254(d).

3

The United States Supreme Court explained the meanings of the "contrary to" and "unreasonable application" clauses in Williams v. Taylor, 529 U.S. 362 (2000). A state court decision is "contrary to" Supreme Court precedent if it either "arrives at a conclusion opposite that reached by [the Supreme] Court on a question of law" or "decides a case differently than th[e] [Supreme] Court has on a set of materially indistinguishable facts." Id. at 412-13. "A state court's decision must be 'mutually opposed' to clearly established Supreme Court precedent in order to satisfy the 'contrary to' clause." Simmons v. Bowersox, 235 F.3d 1124, 1130 (8th Cir. 2001) (citation omitted).

A state court decision is an "unreasonable application" of Supreme Court precedent if it "identifies the correct governing legal principle from th[e] [Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413. "A federal court may not issue the writ simply because it 'concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.'" Lyons v. Luebbers, 403 F.3d 585, 592 (2005) (quoting Williams, 529 U.S. at 411).

In addition, when reviewing a state court decision, "a federal court . . . presumes that the state court's factual determinations are correct." Lee v. Gammon, 222 F.3d 441, 442 (8th Cir. 2000); 28 U.S.C. § 2254(e)(1). This deference applies to factual determinations made by state trial courts and state appellate courts. Sumner v. Mata, 449 U.S. 539, 547 (1981). The petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); see Whitehead v. Dormire, 340 F.3d 532, 539 (8th Cir. 2003).

In Roviaro v. United States, 353 U.S. 53 (1957), the Supreme Court held that the

4

government has a privilege to withhold from disclosure the identity of confidential informants in certain situations. However, the privilege is not absolute. The decision whether to require disclosure "calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense." Id. at 62. Where disclosure "is relevant and helpful to the defense or an accused, or is essential to a fair determination of a cause, the privilege must give way." Id. at 60-61. A court must consider the particular circumstances in each case when determining whether the Government's privilege should give way, including "the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." Id. at 62.

If the informant "is an active participant or witness to the offense charged, disclosure will almost always be material to the accused's defense." Devose v. Norris, 53 F.3d 201, 206 (8th Cir. 1995). On the other hand, a witness who merely witnesses a transaction need not be disclosed. United States v. Anderson, 627 F.2d 161, 164 (8th Cir. 1980). Disclosure is also not mandated when an informant "merely conveys information to the government." United States v. House, 604 F.2d 1135, 1140 (8th Cir. 1979); see also United States v. Sykes, 977 F.2d 1242, 1245-46 (8th Cir. 1992) (where informants were mere "tipsters"). If a tipster provides information used to support a search warrant application, but does not actually witness or participate in the charged offense, his identity need not be disclosed. See United States v. Hollis, 245 F.3d 671, 674 (8th Cir. 2001). The defendant bears the burden to show materiality, and he must do more than speculate that the evidence would have been material. Carpenter v. Lock, 257 F.3d 775, 779 (8th Cir. 2001) (citing United States v. Grisham, 748 F.2d 460, 463-64 (8th Cir. 1984)).

In Hollis, a confidential reliable informant told a police officer that the defendant had a large amount of methamphetamine at his house, which the informant had seen within the past ten days. 245 F.3d at 673. Based on this information, the officer obtained a search warrant for the defendant's residence. Id. The Eighth Circuit stated that "the identity of a 'tipster' whose observations formed the basis for a search warrant but who is not a necessary witness to the facts is not subject to compulsion." Id. at 674. The court noted that the informant had not participated in the offenses charged, which were possession of methamphetamine with intent to distribute and possession of marijuana with intent to distribute, and was not expected to testify at trial. Id. Under such circumstances, the government properly withheld the identity of the informant. Id.

Here, Petitioner was not charged with selling crack cocaine to the CRI; rather, he was charged with possession of cocaine. The drugs on which the charges were based were seized during the execution of the search warrant and the search of Petitioner incident to his arrest. The CRI did not witness the execution of the search warrant or the arrest of Petitioner. Consequently, because the CRI neither witnessed nor participated in the offenses charged, he or she had no evidence material to Petitioner's defense. Accordingly, the trial court's decision not to disclose the CRI's identity was neither contrary to clearly established Supreme Court precedent nor an unreasonable application of such law.

Petitioner's challenge to the CRI's credibility with respect to the operation of the buzzer and history of drug use is equally unavailing. Ordinarily, "Franks . . . does not allow a defendant to impeach the statements of a 'nongovernmental informant.'" Hollis, 245 F.3d at 673-74 (citing Franks v. Delaware, 438 U.S. 154, 171 (1978)). In order to obtain a Franks hearing, the defendant must first "make a substantial preliminary showing" that the informant "intentionally

or recklessly misstated or omitted facts and that the facts were necessary to a finding of probable cause." United States v. Ryan, 293 F.3d 1059, 1061 (8th Cir. 2002).

In Petitioner's case, the trial court determined that even if the CRI's statement regarding the buzzer was false, this detail was insignificant and immaterial to the finding of probable cause. The Court agrees. The statement does not relate to the CRI's report that he or she had seen Petitioner dealing crack cocaine, the fact that the CRI entered Petitioner's apartment and bought crack cocaine from Petitioner, or Officer Lehner's own observations and investigation.

As to the CRI's alleged drug use, Petitioner has offered no more than speculation to support this assertion. Nor has Petitioner shown that Officer Lehner made a false statement or omission with respect to the CRI's drug use. Indeed, Officer Lehner attested in his affidavit that the CRI had "broad knowledge of narcotics and the illicit drug trafficking trade." (Doc. No. 10). An informant's prior experience with illegal drug transactions is one of the very reasons he or she is useful as an informant in a narcotics trafficking investigation. Finally, in light of Officer Lehner's corroboration of the CRI's information and the degree of control he maintained over the purchase of crack cocaine from Petitioner, the Court finds that the CRI's alleged reputation as a drug addict would not have undermined the probable cause supporting the warrant.

In conclusion, the trial court's decision not to hold a Franks hearing with respect to the CRI was neither contrary to established Supreme Court law nor an unreasonable application of such precedent.

Based upon all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Petitioner John Wesley Buchanan's Petition for Writ of Habeas Corpus

pursuant to 28 U.S.C. § 2254 (Doc. No. 1) be **DENIED**.


Dated: February 22, 2008

                                           s/ Susan Richard Nelson
                                          SUSAN RICHARD NELSON
                                          United States Magistrate Judge


Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **March 10, 2008**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.