## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| JOHN WESLEY BUCHANAN,<br><br>Petitioner,<br><br>v.<br><br>ROBERT FENEIS,<br><br>Respondent. | Civil No. 06-4806 (JRT/SRN)<br><br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

John Wesley Buchanan, #214236, Minnesota Correctional Facility, 7600 515th Street, Rush City, MN, 55069, petitioner *pro se*.

Jean E. Burdorf, Assistant County Attorney, **HENNEPIN COUNTY ATTORNEY'S OFFICE**, C-200 Government Center, 300 South Sixth Street, Minneapolis, MN 55487, for respondent.

Petitioner John Wesley Buchanan, a prisoner incarcerated at the Minnesota Correctional Facility in Rush City, Minnesota, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In a Report and Recommendation dated February 22, 2008, United States Magistrate Judge Susan R. Nelson recommended that Buchanan's petition be denied. Petitioner filed objections to the Report and Recommendation, which the Court has reviewed *de novo* pursuant to 28 U.S.C. § 636(b)(1)(C) and D. Minn. LR 72.2(b). For the reasons stated below, the Court overrules petitioner's objections and adopts the Magistrate Judge's Report and Recommendation.

## BACKGROUND

On March 30, 2004, a Hennepin County jury convicted petitioner of three counts of possession with intent to sell cocaine. Petitioner was sentenced to a term of imprisonment of ninety-one months. Petitioner's conviction was based partly on evidence seized during the execution of a search warrant at his apartment. In an affidavit accompanying the warrant, Minneapolis Police Officer Blayne Lehner stated that a "confidential reliable informant," or CRI, told him that the occupant of a particular apartment in Minneapolis was dealing large quantities of cocaine and possessed a handgun. Lehner went to the apartment complex, identified petitioner as the occupant of the apartment by looking at the buzzer call list, and observed several individuals enter and exit the apartment with a frequency indicative of narcotics trade.

Lehner arranged for the CRI to conduct a controlled buy of crack cocaine using marked buy money. Lehner observed the CRI enter the apartment and exit with crack cocaine. Following the controlled buy, Lehner further investigated petitioner's identity and criminal history. Lehner then applied for a warrant to search petitioner's apartment based on information provided by the CRI, the successful controlled buy, and Lehner's subsequent investigations. Lehner's search warrant application was granted by a reviewing state court judge.

On January 28, 2004, police executed the search warrant. The officers found 409.2 grams of cocaine in a safe inside the apartment. The officers also found a firearm. Petitioner arrived at the apartment while the officers were conducting the search. Officers arrested him and searched his person, finding an additional 3.6 grams of cocaine.

Petitioner was subsequently charged with three counts of possessing cocaine with the intent to sell it.

Petitioner filed a pre-trial motion for the disclosure of the CRI's identity. Petitioner also sought a hearing to challenge the veracity of the information contained in the warrant affidavit under *Franks v. Delaware*, 438 U.S. 154 (1978). Petitioner argued that the CRI could not have been buzzed into the apartment because the buzzer system was not working. Petitioner also contended that the CRI was a known drug user and therefore lacked credibility. The state court denied the motion on grounds that the CRI was not a material witness to the crimes charged. The court further determined that the functioning of the buzzer and the CRI's alleged drug use did not undermine the probable cause that existed in support of the search warrant.

Petitioner appealed his conviction to the Minnesota Court of Appeals, which affirmed the conviction. The Minnesota Supreme Court denied review. Petitioner then filed this petition for a writ of habeas corpus.

## ANALYSIS

Habeas corpus relief is available to a state prisoner if "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A federal court may not grant habeas corpus relief to a state prisoner on any issue decided on the merits by a state court unless the proceeding (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that

was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  28 U.S.C. § 2254(d).

A state court decision is "contrary to" Supreme Court precedent if it either reaches an opposite conclusion of law or arrives at a different outcome based on "materially indistinguishable facts."  *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).  A state court decision is an "unreasonable application" of Supreme Court precedent if it identifies the correct legal principal but unreasonably applies that principle to the facts of the case.  *See id.* at 413.  Under 28 U.S.C. § 2254, a federal court cannot disregard the state court's factual determinations.  Rather, "a determination of a factual issue made by a State court shall be presumed to be correct."  28 U.S.C. § 2254(e)(1); *see Lee v. Gammon*, 222 F.3d 441, 442 (8th Cir. 2000).  The petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1); *see Whitehead v. Dormire*, 340 F.3d 532, 539 (8th Cir. 2003).

**I.      DISCLOSURE OF THE CRI'S IDENTITY**

Petitioner first argues that the CRI was essential to his defense and that the trial court deprived him of a material witness by refusing to disclose the CRI's identity.  The Supreme Court has recognized a government privilege to withhold the identity of confidential informants in certain situations.  *See Roviaro v. United States*, 353 U.S. 53 (1957).  This privilege recognizes the obligation of citizens to report crimes, and "by preserving their anonymity, encourages them to perform that obligation."  *Id.* at 59.  However, where disclosure "is relevant and helpful to the defense or an accused, or is essential to a fair determination of a cause, the privilege must give way."  *Id.* at 60-61.

The defendant bears the burden of showing that the informant's identity is material. *Carpenter v. Lock*, 257 F.3d 775, 779 (8th Cir. 2001).

In deciding whether to require disclosure, a court must balance "the public interest in protecting the flow of information against the individual's right to prepare his defense." *Roviaro*, 353 U.S. at 62. If the CRI is "an active participant or witness to the offense charged, disclosure will almost always be material to the accused's defense." *Devose v. Norris*, 53 F.3d 201, 206 (8th Cir. 1995). However, disclosure is generally not required where a CRI "merely conveys information to the government but neither witnesses nor participates in the offense." *United States v. House*, 604 F.2d 1135, 1140 (8th Cir. 1979).

The Magistrate Judge determined that the state court's decision declining to order disclosure of the CRI's identity was not contrary to, and did not involve an unreasonable application of, clearly established federal law. The Court agrees. Petitioner was charged with possession of cocaine with intent to distribute, but not with the crime of distribution. The evidence supporting these charges was not obtained through the CRI's clandestine activities. Rather, it was seized during the execution of the search warrant and the search of petitioner incident to his arrest. Thus, while the CRI provided information supplying probable cause in support of the search warrant, the CRI did not actually witness or participate in the underlying offense of possession as that offense was charged and proven. *See Devose,* 53 F.3d at 206; *United States v. Hollis*, 245 F.3d 671 (8th Cir. 2001) (holding that "the identity of a 'tipster' whose observations formed the basis for a search warrant but who is not a necessary witness to the facts is not subject to compulsion"). As

such, the Court finds that the state court's decision to withhold the identity of the informant was not contrary to, or an unreasonable application of, clearly established federal law.

## II.   *FRANKS* **HEARING**

Petitioner also argues the CRI is a drug user who provided false information regarding being buzzed into petitioner's apartment. Petitioner argues that he should have been allowed to challenge the finding of probable cause for the search warrant in a *Franks* hearing. *See Franks v. Delaware*, 438 U.S. 154 (1978). To obtain a *Franks* hearing the defendant must make a "substantial preliminary showing" that the informant "intentionally or recklessly misstated or omitted facts and that the facts were necessary to a finding of probable cause." *United States v. Ryan*, 293 F.3d 1059, 1061 (8th Cir. 2002).

Here, the state court determined that probable cause existed for the search warrant even if the CRI's statement regarding the buzzer was false. The Court agrees that even setting aside the allegedly false statement regarding whether petitioner buzzed the CRI into the apartment building, there was probable cause to support issuance of the warrant. The CRI reported that he had seen petitioner dealing crack cocaine in the past. The CRI entered petitioner's apartment and participated in a controlled buy of crack cocaine. The affidavit was also supported by Officer Lehner's own observations and investigation. For these same reasons, even accepting petitioner's unsubstantiated claim that the CRI was a drug addict, that fact would not undermine the finding of probable cause for the search warrant. As such, the Court agrees with the Magistrate Judge that the state court's decision not to hold a *Franks* hearing was not contrary to clearly established federal law.

### III.   CERTIFICATE OF APPEALABILITY

The Court may grant a Certificate of Appealability only where petitioner has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Tiedeman v. Benson*, 122 F.3d 518, 523 (8th Cir. 1997). To make such a showing, the issues must be debatable among reasonable jurists, a court must be able to resolve the issues differently, or the case must deserve further proceedings. *See Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994). As demonstrated above, resolution of petitioner's § 2254 petition involves a relatively straightforward application of clearly established law. Thus, for purposes of appeal under 28 U.S.C. § 2253, the Court finds it unlikely that reasonable jurists would find the issues raised in petitioner's § 2254 petition debatable, or that some other court would decide this petition differently. The Court therefore declines to grant a Certificate of Appealability.

### ORDER

Based on the foregoing, all the records, files, and proceedings herein, the Court **OVERRULES** petitioner's objections [Docket No. 14] and **ADOPTS** the Report and Recommendation dated February 22, 2008 [Docket No. 13]. **IT IS HEREBY ORDERED** that:

1.   Petitioner's petition for writ of habeas corpus [Docket No. 1] is **DENIED**.

2.   For purposes of appeal, the Court does not certify the issues raised in petitioner's motion as petitioner has not made a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), as required under the appeal statute for the issuance of a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A).

The Clerk of Court is respectfully directed to mail a copy of this Order to the petitioner.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: August 29, 2008            s/ John R. Tunheim
at Minneapolis, Minnesota.            JOHN R. TUNHEIM
                                                                 United States District Judge